# Exhibit A

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** LA JOLLA RIVIERA APARTMENT
*(AVISO AL DEMANDADO):* HOUSE LLC, a California limited liability
company; and DOES 1 to 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** JAMES RUTHERFORD, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual;

| |
|---|
| *FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** Superior Court of California, County of San Diego |
| **02/19/2019** at 10:16:52 AM |
| Clerk of the Superior Court By Valeria Contreras, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California. County of San Diego 330 West Broadway San Diego, California 92101 | CASE NUMBER: *(Número del Caso):* 37-2019-00009274-CU-CR-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Joseph R. Manning, Jr.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Manning Law, APC
20062 SW Birch Street. Ste 200 Newport Beach, CA 92660 — 949-200-8755

| DATE: 02/20/2019 *(Fecha)* | Clerk, by V. Contreras *(Secretario)* | V Contreras , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

  under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
  ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
  ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
  ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 6-21-19

[SEAL]

Page 1 of 1

**SUMMONS**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Joseph R. Manning, Jr.                    SBN: 223381
Manning Law, Jr., APC
20062 SW Birch Street. Ste 200 Newport Beach, CA 92660
TELEPHONE NO. 949-200-8755        FAX NO: 866-843-8308
ATTORNEY FOR *(Name):* James Rutherford

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice Courthouse

CASE NAME: James Rutherford v. La Jolla Riviera Apartment House LLC
Et al.

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/19/2019** at 10:16:52 AM

Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2019-00009274-CU-CR-CTL |

CASE NUMBER: 37-2019-00009274-CU-CR-CTL

JUDGE: Judge Joel R. Wohlfeil
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 1: ONE
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 02/19/2019

Joseph R. Manning, Jr.
_____
(TYPE OR PRINT NAME)                                              ▶                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder•

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

# MANNING LAW, APC

ADAPracticeGroup@ManningLawOffice.com    Office: 949.200.8755
                                         Facsimile: 866.843.8308

20062 SW Birch St., Ste 200
Newport Beach, CA 92660
www.ManningLawOffice.com

February 26, 2019

John W Reed
c/o La Jolla Riviera Apartment House LLC dba La Jolla Riviera Inn
405 Via Del Norte Ste D
La Jolla, Ca 92037

> RE:    JAMES RUTHERFORD vs. La Jolla Riviera Apartment House LLC dba La Jolla
>        Riviera Inn
>
>        Case No.:  37-2019-00009274-CU-CR-CTL

CONFIDENTIAL SETTLEMENT COMMUNICATION PURSUANT TO F.R.E. 408 AND
CAL. EV. CODE 1152 *ET SEQ.*; FOR SETTLEMENT PURPOSES ONLY

To Whom It May Concern:

We represent the Plaintiff in this action. He is a disabled person with mobility disabilities
and he experienced barriers when he unsuccessfully attempted to reserve an accessible room at
La Jolla Riviera Apartment House LLC's property using the hotel's website
(www.lajollarivierainn.com/en-us; or hereinafter, the "Website"). The types of access barrier
encountered by our client were specifically and expressly made unlawful several years ago when
28 CFR 36.302(e) became effective on March 15, 2012.

Our client was frustrated and disappointed by this stigmatizing denial of equal access and
seek statutory damages under the Unruh Civil Rights Act ("UCRA") as a result. Perhaps more
important to our client, he desires to act as a impetus for La Jolla Riviera Apartment House LLC:
to make reasonable modifications to reservations policies, practices, or procedures necessary; to
ensure that individuals with disabilities can make reservations for accessible guest rooms through
your Website reservations systems; and, that those reservations are handled in the manner
required by 28 CFR 36.302(e) in all respects.

# MANNING LAW, APC

ADAPracticeGroup@ManningLawOffice.com    Office: 949.200.8755                         4667 MacArthur Blvd, Ste150
                                         Facsimile: 866.843.8308                      Newport Beach, CA 92660
                                                                                      www.ManningLawOffice.com

The Complaint seeks a declaration that the Website, at the time when the complaint was filed[1], failed to comply with 28 CFR 36.302(e) and therefore, under the UCRA, seeks an order to correct that or cease the practice of accepting online reservations, and all attendant relief. We do believe there is little doubt that we will prevail in this matter.

We have archived admissible working copies of the Website as they existed prior to the filing of the Complaint (including the code) to document the clear violations of law present therein. We are continuing to monitor the Website and we are making further admissible working copies on a daily basis to document changes, if any, as they occur. Given the indisputable facts presented and the clear violations of law they depict, we plan to seek summary judgment at the first opportunity.

That said, if your client is willing, we are open to a procedure whereby, together, our clients can cooperatively and collaboratively ensure that the La Jolla Riviera Apartment House LLC's reservations systems are accessible as required by 28 CFR 36.302(e) and the UCRA. Given the widely lamented state of the travel industry for persons with disabilities, in addition to bringing La Jolla Riviera Apartment House LLC into compliance with the law, this would be an important achievement in service of its disabled guests and prospective guests and would be applauded by the community of disabled travelers and their families.

The remediation of La Jolla Riviera Apartment House LLC's reservations systems and reasonable modifications to relevant policies, practices, and procedures, necessary to ensure that individuals with disabilities can make reservations for accessible guest rooms through your Website reservations systems, including the identification and description of the accessible features of the hotel and guest rooms and ensuring those reservations are handled in the manner required by 28 CFR 36.302(e) and the UCRA in all respects[2], is likely to require:

---

[1] The timing of this determination is particularly relevant here because even if we were to assume *arguendo* – without any inspection to verify the accuracy of the content – that the online reservations systems at issue subsequently came to comply with 28 CFR 36.302(e), and therefore the UCRA, courts have held this will not moot this type of case. See *Brooke v. A-Ventures, LLC*, No. 2:17-cv-2868-HRH at 9. (A.Z. Nov. 22, 2017) Court accepts website "fixed" in action based on alleged violations of 28 CFR 36.302(e) but finds case not moot because "all Defendant has done is change its website and adopt a new internal policy, both of which could easily be changed in the future. Defendant has not met its heavy burden of showing that it is absolutely clear that its wrongful behavior could not reasonably be expected to recur. This case is not moot.").

[2] *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that "[o]nce a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the Defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III).

# MANNING LAW, APC

ADAPracticeGroup@ManningLawOffice.com   Office: 949.200.8755     4667 MacArthur Blvd, Ste150
                                        Facsimile: 866.843.8308    Newport Beach, CA 92660
                                                                   www.ManningLawOffice.com

- Designation of one or more qualified individuals to manage accessibility of the policies, practices, or procedures related to the reservation of accessible rooms within a mutually acceptable and reasonable time period;
- Initiation of an inspection process to accurately identify, confirm the presence or absence, and describe the accessible features of the hotel and guest rooms from the perspective of persons with disabilities[3];
- Utilization of the results of the inspections of the hotel and guest rooms to develop content that accurately identifies and describes the accessible features of the hotel and guest rooms on the Website for the benefit of all disabled persons when reserving accessible rooms;
- Development and distribution of content that accurately identifies and describes the accessible features of the hotel and guest rooms to online travel agents to ensure equal accessibility to the greatest extent possible;
- Confirmation that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
- Reservation, upon request, of accessible guest rooms or specific types of guest rooms and ensuring that the guest rooms requested are blocked and removed from all reservations systems;
- Policies enacted to guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others;
- Periodic disabled end-user testing of the Website(s) and reservations systems to ensure to the greatest extent possible that individuals with disabilities will not be excluded, denied services, segregated or otherwise treated differently from other customers who are able to enjoy full access to hotel reservations systems;
- Periodic accessibility reports to Plaintiff regarding progress in the implementation of policies, practices, and procedures as well as corrective action taken that will result in the full and equal accessibility of the reservations systems until such time as the parties agree that Defendant is operating in compliance with 28 CFR 36.302(e) and therefore the UCRA.

---

[3] If you have complete and current reports produced by a Certified Access Specialist ("CASp") this may avoid the need for some or all such inspections.

# MANNING LAW, APC

ADAPracticeGroup@ManningLawOffice.com   Office: 949.200.8755                    4667 MacArthur Blvd, Ste150
                                        Facsimile: 866.843.8308                Newport Beach, CA 92660
                                                                              www.ManningLawOffice.com

Our monetary demand is as follows:

1.   $4,000 in statutory damages under Cal. Civ. Code § 52(a) ($4,000, the minimum, for each violation for Plaintiff);

2.   $4,000 in deterrence damages ($4,000 for each property for Plaintiff);

3.   $17,500 in current and anticipated attorney's fees plus actual costs incurred which shall include fees required to effectuate all terms of the remediation;

Total:  $25,500 plus actual costs incurred.

This letter is a confidential settlement communication under F.R.E. 408 and Cal. Evid. Code 1152 et seq. and cannot be used in any action before any court. The statements of either party in these settlement negotiations cannot be considered admissions nor are they binding upon the parties if no settlement is reached.

You may contact Joseph R. Manning, Jr., Michael J. Manning, Tristan P. Jankowski, or Craig G. Côté to discuss this matter by contacting the firm's ADA Practice Group at ADAPracticeGroup@ManningLawOffice.com.

We look forward to working together to improve the accessibility of travel generally, and lodging in particular, for persons with disabilities and their families.

Sincerely,
**MANNING LAW, APC**

Joseph R. Manning, Jr., Esq.

Attachments: Conformed Copy of Complaint, Case No.: 37-2019-00009274-CU-CR-CTL

4

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
Craig G. Côté, Esq. (State Bar No. 132885)
Osman M. Taher, Esq. (State Bar No. 272441)
**MANNING LAW, APC**
20062 SW Birch St., Ste 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES RUTHERFORD, an individual;<br><br>  Plaintiff,<br><br>vs.<br><br>LA JOLLA RIVIERA APARTMENT HOUSE LLC, a California limited liability company; and DOES 1 to 50, inclusive,<br><br>  Defendants. | Case No.: 37-2019-00009274-CU-CR-CTL<br><br>**NOTICE OF INSPECTION OF REAL PROPERTY**<br><br>**[CRC 3.1200, et seq.; CCP 1005(b)]** |

PROPOUNDING PARTY: PLAINTIFF, JAMES RUTHERFORD

RESPONDING PARTY: DEFENDANT, LA JOLLA RIVIERA APARTMENT HOUSE

LLC, a California limited liability company

SET NUMBER: ONE To: All Parties and Their Attorneys of Record:

PLEASE TAKE NOTICE THAT, pursuant to California Code of Civil Procedure Sections

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

---

**NOTICE OF INSPECTION OF REAL PROPERTY**

2031.010, et seq., Plaintiff JAMES RUTHERFORD ("Plaintiff"), and his attorneys and expert(s) will conduct an inspection of the real property placed at issue by the operative Complaint in this action as a Public Place of Accommodation.   This inspection shall extend to all areas of the real property that constitute a Public Place of Accommodation.  Plaintiff reserves the right to inspect areas of the property open to the public at any time such areas are open to the public and without further notice. *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008).  As to those areas of the real property that constitute a Public Place of Accommodation, which are not readily accessible (e.g., rooms designated as accessible by Defendant), Plaintiff, by and through undersigned counsel hereby requests the Defendant permit entry upon land on July 9, 2019, at 11:00 a.m., to inspect.

Dated: February 26, 2019                **MANNING LAW, APC**

                                        By: _____
                                            Joseph R. Manning Jr., Esq.
                                            Michael J. Manning, Esq.
                                            Tristan P. Jankowski, Esq.
                                            Craig G. Côté, Esq.
                                            Osman M. Taher, Esq.
                                            Attorneys for Plaintiff

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
Newport Beach, CA 92660

**NOTICE OF INSPECTION OF REAL PROPERTY**

2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7073 |

PLAINTIFF(S) / PETITIONER(S):   James Rutherford

DEFENDANT(S) / RESPONDENT(S):   La Jolla Riviera Apartment House LLC

RUTHERFORD VS LA JOLLA RIVIERA APARTMENT HOUSE LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2019-00009274-CU-CR-CTL |
|---|---|

### CASE ASSIGNMENT

Judge:  Joel R. Wohlfeil                                    Department: C-73

**COMPLAINT/PETITION FILED:** 02/19/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/26/2019 | 01:30 pm | C-73 | Joel R. Wohlfeil |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS: 330 West Broadway

MAILING ADDRESS: 330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827

BRANCH NAME: Central

PLAINTIFF(S): James Rutherford

DEFENDANT(S): La Jolla Riviera Apartment House LLC

SHORT TITLE: RUTHERFORD VS LA JOLLA RIVIERA APARTMENT HOUSE LLC [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2019-00009274-CU-CR-CTL |
|---|---|

Judge: Joel R. Wohlfeil                                                                      Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                         ☐ Non-binding private arbitration

☐ Mediation (private)                                          ☐ Binding private arbitration

☐ Voluntary settlement conference (private)       ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                            ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                    _____

Name of Plaintiff                                                       Name of Defendant

_____                    _____

Signature                                                                Signature

_____                    _____

Name of Plaintiff's Attorney                                      Name of Defendant's Attorney

_____                    _____

Signature                                                                Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 02/20/2019                                           _____

                                                                        JUDGE OF THE SUPERIOR COURT



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2019-00009274-CU-CR-CTL       CASE TITLE: Rutherford vs La Jolla Riviera Apartment House LLC [IMAGE

<u>NOTICE</u>: **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

1  Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
2  Michael J. Manning, Esq. (State Bar No. 286879)
   Tristan P. Jankowski, Esq. (State Bar No. 290301)
3  Craig G. Côté, Esq. (State Bar No. 132885)
   Osman M. Taher, Esq. (State Bar No. 272441)
   **MANNING LAW, APC**
4  20062 SW Birch Street, Ste. 200
   Newport Beach, CA 92660
5  Office: (949) 200-8755
   Fax: (866) 843-8308
6  ADAPracticeGroup@manninglawoffice.com

7  Attorneys for Plaintiff

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               IN AND FOR THE COUNTY OF SAN DIEGO

11

12  JAMES RUTHERFORD, an individual;                Case No.: 37-2019-00009274-CU-CR-CTL

13            Plaintiff,                            **COMPLAINT**

14  vs.

15  LA JOLLA RIVIERA APARTMENT
16  HOUSE LLC, a California limited liability
    company; and DOES 1 to 50, inclusive,

17            Defendants.

18

19

20

21

22

23        Plaintiff JAMES RUTHERFORD, an individual, ("Plaintiff"), brings this action against LA

24  JOLLA RIVIERA APARTMENT HOUSE LLC, a California limited liability company.

25  ("Defendant"), and DOES 1 to 50:

                            **INTRODUCTION**
26
27       1.    Plaintiff is mobility impaired and requires information about the accessibility of

28  hotels and hotel rooms to make reservations.  Defendant maintains its reservations service, including

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/19/2019** at 10:16:52 AM

Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

---

**COMPLAINT**

1

but not limited to that offered to the public on its website (hereinafter the "Website" which shall refer to www.lajollarivierainn.com/en-us and any other website operated by, controlled by, or acting at the direction of Defendant directly, or through contractual, licensing, or other arrangements, for the purposes described herein), in such a way that it contains access barriers preventing Plaintiff, and other mobility-impaired individuals, from gaining full and equal access to the reservations service offered by Defendant. Defendant's denial of full and equal access to its reservations service, and therefore its products and services offered thereby, is a violation of the rights of Plaintiff under the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, ("Unruh Act").

2.      The California Legislature provided a clear and statewide mandate for the elimination of discrimination against individuals with disabilities when it enacted the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Discrimination sought to be eliminated by the Unruh Civil Rights Act ("UCRA") includes barriers to full integration, independent living and equal opportunity for individuals with disabilities, which then necessarily includes barriers created by websites and other places of public accommodation that are inaccessible.

3.      Each of Defendant's violations of Title III of Americans With Disabilities Act, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1)  et seq. ("ADA") is likewise a violation of the Unruh Act.  Indeed, the Unruh Act provides that any violation of the ADA constitutes a violation of the Unruh Act.  Cal. Civ. Code § 51(f) (the ADA and UCRA are referred to herein collectively as "Disability Access Laws").

4.      For more than 28 years, the ADA and the Unruh Act have required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

5.      However, the hospitality industry has been slow to respond, or has failed to respond, to the needs of disabled travelers. *See e.g.* Consent Decree in *United States of America v. Hilton Worldwide Inc., No. 10 1924* (entered November 29, 2010)(Resolving Complaint by the United States alleging in part that Hilton systemically, and across its various brands, "fails to provide individuals with disabilities the same opportunity to reserve accessible guestrooms using its on-line … reservations systems" and "failed to provide accurate, reliable information about its accessible

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

sleeping rooms and amenities throughout its reservations system" and that "individuals with disabilities are unable to reserve, on-line, accessible sleeping accommodations with either a tub or a roll-in shower"); Settlement Agreement *United States of America and Motel 6 Operating L.P., DJ# 202-73-5*(entered August 12, 2004 and extended January 19, 2006)(Resolving allegations the Motel 6 online reservation system was inadequate and securing in part the agreement of Motel 6 that it would, for its internet reservation systems, "provide service to individuals who request accessible rooms that is equivalent to that provided to individuals who seek to reserve standard rooms.").

6.     Eventually, in response to many complaints received by the Department of Justice, Civil Rights Division ("DOJ"), typically by individuals who reserved an accessible hotel room only to discover upon arrival that the room they reserved is not accessible, the DOJ took action, issuing its Notice of Proposed Rulemaking, 73 FR 34508 (June 17, 2008)("NPRM").

7.     After a notice and comment period, with input primarily from individuals with disabilities, hotels, resort developers, travel agencies and organizations commenting on their behalf, the DOJ published Section 36.302(e) with detailed requirements for hotel reservations services.  In short, the DOJ required that hotels must make reasonable modifications to reservations policies, practices, or procedures when necessary to ensure that individuals with disabilities can make reservations for accessible guest rooms during *the same hours and in the same manner* as individuals who do not need accessible rooms and that they must identify and describe *accessible features in the hotels and guest rooms* offered through its reservations service *in enough detail* to reasonably permit individuals with disabilities to *assess independently whether a given hotel or guest room* meets *his or her accessibility needs*.  28 CFR § 36.302(e)(1)(i)-(ii)(*emphasis added*).

8.     The Final Rule on Nondiscrimination on the Basis of Disability by Public Accommodations, including the hotel reservations requirements above, was published on September 15, 2010 in the Federal Register.  While the Final Rule generally took immediate effect, the hotel reservations component did not.  The DOJ observed: "As with hotels, the Department believes that within the 18-month transition period these reservations services should be able to modify their systems to ensure that potential guests with disabilities who need accessible rooms can make reservations during the same hours and in the same manner as those who do not need accessible

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

rooms." Accordingly, to accommodate the needs of industry, the hotel reservations requirements of 28 CFR § 36.302(e)(1) did not become effective until after an 18-month transition period, or until March 15, 2012. 28 CFR § 36.302(e)(3).

9.    The ADA's hotel reservations requirements were six years old on March 15, 2018. Yet, the problem the DOJ sought to address through its reservations regulations is as bad as ever. So bad, that in 2017 the private start-up company AbiliTrek launched. AbiliTrek describes its mission as follows:

> "AbiliTrek, like many other companies, began as an innovative idea; AbiliTrek is geared toward bettering the travel experience for people with disabilities. **Currently, the travel industry lacks the information needed for travelers with disabilities. This makes traveling a daunting and exhausting task for many in the disability community**. AbiliTrek was created as a fundamental resource for any traveler with a disability. **AbiliTrek's goal is to counteract the current state of the travel industry** and make traveling with a disability a fulfilling experience" AbiliTrek Updates posted December 31, 2017. https://abilitrek.com/wrapping-up-2017-our-end-of-year-review-package/. (Emphasis added).

10.   Defendant is part of the problem addressed by the hotel reservations provisions of the ADA and private firms like AbiliTrek.

11.   As a result of Defendant's violations of law, and to correct them, Plaintiff seeks statutory damages where available, declaratory relief and injunctive relief establishing that Defendant has engaged in violations of the ADA and the Unruh Act and requiring Defendant to comply with the Unruh Act by providing individuals with disabilities the ability to independently make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotel and the guest rooms offered through Defendant's service sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

## JURISDICTION AND VENUE

12.   This Court has subject matter jurisdiction over this action. This Court has personal jurisdiction over Defendant because it conducted and continues to conduct substantial business and Plaintiff's claims arose in the State of California and Defendant's offending website is available

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

throughout California. The access barriers described in this Complaint were experienced by Plaintiff on his computer when he attempted to conduct a business transaction with Defendant and was then denied equal access to the reservations service offered through Defendant's Website.

13.  Venue is proper in this Court because Defendant conducts substantial business in this County. Venue is also proper because a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

14.  Plaintiff JAMES RUTHERFORD is a Riverside County, California resident. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, in addition to twisting, turning and grasping objects.  As a result of these disabilities, Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate.  At the time of Plaintiff's attempt to make room reservations at Defendant's hotel and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq..

15.  As a result of Plaintiff's disability he requires an accessible room to utilize the goods, services and facilities provided by Defendant.

16.  Plaintiff is a tester in this litigation and a consumer who wishes to access Defendant's good and services.  Plaintiff is being deterred from patronizing the Defendant's hotel on particular occasions, but intends to return to the Website for the dual purpose of availing himself of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

17.  Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant is a California limited liability company with its La Jolla Riviera Inn (the "Subject Property" and/or the "Hotel") located in San Diego, California.  Defendant's hotel location constitutes a place of public accommodation.  Defendant's location provides to the public important goods and/or services.  Defendant also provides to the public the Website.  The Website provides access to the array of services, including descriptions of its hotel, rooms and services, the ability to

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

COMPLAINT

5

make room reservations, and many other benefits related to these facilities and services. The hotel location is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7) and is likewise a "business establishment" within the meaning of the Unruh Act. The Website is a service, privilege, and advantage of Defendant's hotel locations and services. The Website is a service that is by and integrated with this location.

## **FACTUAL ALLEGATIONS**

18.     As part of its operations, Defendant provides the public access to reservations services, including but not limited to the ability to make reservations online at the Website.

19.     Within the applicable limitations period, on or about January 14, 2019, Plaintiff visited the Website, to view the accessible features in the hotel and guest rooms of the Defendant's hotel.

20.     Plaintiff desired to visit a hotel in the San Diego area, which he planned to visit on February 25, 2019 through February 28, 2019.  As a result of his disabilities, Plaintiff required information about the features of the accessible rooms and the hotel to independently make a reservation.  The information required by Plaintiff was unavailable so Plaintiff could not make a reservation for an accessible room or suite using the Website in the same manner as individuals who do not need accessible rooms.

21.     Plaintiff was unable to independently identify the material accessible features of the hotel and guest rooms of the Subject Property owned and operated by Defendant.  The description of the accessible rooms and features of the Subject Property is substantially limited to the following vague, ambiguous, cursory and inadequate (for Plaintiff's purposes) information:

   a.   On the homepage of www.lajollarivierainn.com/en-us, there is a general description of the Hotel's location and features; however, none of the information provided relates to accessibility as required by Disability Access Laws.

   b.   There is a link labeled "Rooms" which offers photos, a description, and a "Book Now" link for each of the Hotel's two room options; however, none of the information provided relates to accessibility as required by Disability Access Laws.

   c.   There is a link labeled "Amenities" which offers a list of the Hotel's various

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

amenities; however, none of the information provided relates to accessibility as required by Disability Access Laws.

   d.  Remaining links from the homepage do not contain information regarding accessibility as required by Disability Access Laws.

   e.  When attempting to make a reservation, Plaintiff was unable to book a room because he was unable to find any information or room option pertaining to accessibility as required by Disability Access Laws.

   f.  The Website, including the reservations aspect, does not indicate with any degree of detail whether the Subject Property offers accessible features, including but not limited to parking and/or accessible pathways to the accessible entrance(s), or accessible pathways to resort amenities.

   g.  The Website does not permit reservation of accessible rooms in the same manner as other rooms including the identification of accessible features of rooms and of the Subject Property in enough detail to reasonably permit Plaintiff to assess independently whether a given hotel or guest room meets their accessibility needs.

22.    An investigation performed on Plaintiff's behalf confirmed the allegations made by Plaintiff above.

23.    On information and belief, Plaintiff also alleges Defendant currently has no policy to ensure that:

   a.  Accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

   b.  Accessible guest rooms or specific types of guest rooms may be reserved on request and ensuring that the guest rooms requested are blocked and removed from all reservations systems;

   c.  The specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others; and

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

d.  The Subject Property provides the statutorily required minimum number of accessible rooms and accessible room types and that the accessible rooms available, if any, are distributed among the types of rooms available at the Subject Property so as to provide equal access to the Subject Property by persons with disabilities.

24.     Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to make reasonable modifications to its reservations policies practices and procedures applicable to its reservations service offered online on the Website so as to allow individuals with disabilities the ability to make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotel and the guest rooms sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

25.     Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations of 28 CFR § 36.302(e), the ADA and the Unruh Act, that relate to Plaintiff's disabilities.  Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, after discovery.  However, Defendant is hereby on notice that Plaintiff seeks to have all barriers related to their disabilities remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* (Injunctive Relief and Damages on Behalf of Plaintiff)

### (By Plaintiff Against All Defendants)

26.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

27.     California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

28.     The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the state of California. Cal. Civ. Code § 51(b).

29.     Defendant through the Subject Property provides lodging to the general public in California is a business establishment within the jurisdiction of the state of California, and as such is obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, et seq.

30.     The Unruh Act provides, inter alia, that a violation of the ADA, 42 U.S.C. §§ 12101, et seq., also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

31.     Defendant's discriminatory conduct alleged herein includes, inter alia, the violation of the rights of persons with disabilities set forth in Title III of the ADA and therefore also violates the Unruh Act. Cal. Civ. Code § 51(f).

32.     The actions of Defendant were and are in violation of the Unruh Act, California Civil Code §§ 51, et seq. Plaintiff is aware of Defendant's unlawful actions, and this knowledge of discrimination has deterred Plaintiff from attempting to access and use Defendant's reservations service and hotel on several occasions. Therefore, Plaintiff is entitled to injunctive relief remedying the discrimination pursuant to California Civil Code § 52. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

33.     Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense in violation of the Unruh Act. Cal. Civ. Code § 52(a), and so Plaintiff requests relief as set forth below.

## SECOND CAUSE OF ACTION

### (Declaratory Relief on Behalf of Plaintiff)

34.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

35.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that by failing to provide a

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

reservations service through the Website that allows persons with mobility impairments to independently identify accessible features of Defendant's hotel and rooms and to independently reserve accessible rooms in the hotel Defendant fails to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. and California's Unruh Act, California Civil Code §§ 51-52.

36.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that by failing to comply in all respects with 28 CFR § 36.302(e)(1) et seq. Defendant fails to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. and California's Unruh Act, California Civil Code §§ 51-52.

37.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly and so Plaintiff requests relief as set forth below.

## PRAYER

**WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:**

1.     A preliminary and permanent injunction enjoining Defendant from further violations of the Unruh Act, Civil Code § 51 *et seq.* requiring Defendant to take the steps necessary to ensure that Defendant's maintain and implement policies and procedures:

   a.   Allow persons with mobility impairments to independently identify accessible features of Defendant's hotel;

   b.   Allow persons with mobility impairments to independently reserve accessible rooms in the hotel;

   c.   Hold reserved accessible rooms for use by persons with mobility impairments;

   d.   Block and remove reserved accessible rooms from all reservations systems;

   e.   Guarantee that the specific accessible guest room reserved is held for that reserving customer, regardless of whether a specific room is held in response to reservations made by others; and

   f.   Guarantee the Subject Property includes at least the minimum statutorily

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

required number of accessible rooms and accessible room types and that those rooms are distributed throughout the Subject Property in compliance with applicable laws.

g.   If any of the preceding conditions are not implemented within 120 days of service of the Summons and Complaint, Defendant shall cease accepting any and all reservations via the Website that are processed in an unlawful and discriminatory manner, including those that violate 28 CFR § 36.302 (e), until Defendant can show that its reservations service has been brought into compliance with applicable laws.

**Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act;**

2.   A declaration that since March 15, 2012, Defendant discriminated against persons with mobility impairments by failing to ensure that Defendant's reservations service offered through the Website allowed persons with mobility impairments to independently identify accessible features of Defendant's hotel and rooms and independently reserve accessible rooms in the hotel, and that Defendant did not comply with the requirements of 28 CFR § 36.302(e)(1) et seq. in violation of Title III of the ADA. 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq., and California's Unruh Act, California Civil Code §§ 51-52.;

3.   Statutory damages pursuant to California Civil Code § 52(a), for each and every violation of law.

4.   For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Civil Code § 52(a);

5.   An order awarding Plaintiff's post-judgment interest; and

6.   For such other and further relief as this Court deems just and proper.

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT**
11

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: February 19, 2019

MANNING LAW, APC

By: _____

Joseph R. Manning Jr., Esq.
Michael J. Manning, Esq.
Tristan P. Jankowski, Esq.
Craig G. Côté, Esq.
Osman M. Taher, Esq.
Attorneys for Plaintiff

**COMPLAINT**
12