UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LA JOLLA RIVIERA APARTMENT HOUSE LLC,<br><br>　　　　　　Defendant. | Case No.:  19cv1349 JM (MDD)<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO AND (2) DENYING ATTORNEY'S FEES** |

Plaintiff James Rutherford ("Plaintiff") moves to remand this action to the Superior Court of California for the County of San Diego. (Doc. No. 6.) Defendant La Jolla Riviera Apartment House LLC ("Defendant") opposes the motion. (Doc. No. 7.) The motion has been fully briefed and the court finds it suitable for submission on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons stated below, the motion is **GRANTED**.

I.　　BACKGROUND

This action, originally filed in the San Diego Superior Court, consists of two claims brought under California's Unruh Civil Rights Act, California Civil Code §§ 51-52, and sets forth the following material facts. Plaintiff is mobility impaired. (Doc. No. 1-2 at 17.) At times, he relies on a wheelchair. (*Id*. at 20.) Defendant is a business entity that operates a hotel. (*Id*.) On or about January 14, 2019, Plaintiff visited Defendant's website to make a reservation. (*Id*. at 21.) Plaintiff could not make a reservation using the website because there was no information about "the features of the accessible rooms and the hotel." (*Id*.) Plaintiff seeks only statutory damages, attorney's fees and costs, and injunctive relief.

1

After Plaintiff filed his Complaint on February 19, 2019 and Defendant was served in June 2019, Defendant filed a timely Notice of Removal based on federal question jurisdiction. On August 20, 2019, Plaintiff filed the instant Motion to Remand.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). An action in state court can generally be removed to federal court when the case could have originally been brought in federal court. 28 U.S.C. § 1441; *see Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 563 (2005). The defendant bears the burden of proving removal jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). Any doubt regarding removal jurisdiction is construed against the defendant and in favor of remanding the case to state court. *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

Federal courts have original jurisdiction over all civil actions that arise under federal law. 28 U.S.C. § 1331. A case may arise under federal law where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Tr. for Southern Cal.,* 463 U.S. 1, 13 (1983); *see also Armstrong v. N. Mariana Islands*, 576 F.3d 950, 955 (9th Cir. 2009). "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "The plaintiff is the master of his or her complaint and may avoid federal jurisdiction by exclusive reliance on state law." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997); *see also ARCO Envt'l. Remediation, L.L.C. v. Dep't. of Health and Envt'l Quality of the State of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000).

### III.   DISCUSSION

The parties dispute whether removal based on federal question jurisdiction was proper. Plaintiff argues that removal was improper even though his state claims are premised, at least in part, on Title III of the Americans with Disabilities Act ("the ADA"). (Doc. No. 6 at 4.) Defendant argues that removal was proper because it "appears from the Complaint that this is a civil rights action alleging violations of the [ADA]," (Doc. No. 1 at 2), and because Plaintiff's claims are based "exclusively" and "solely" on the ADA, (Doc. No. 7 at 5, 6, 13, 14). Defendant further argues that federal question jurisdiction exists because: (1) Plaintiff seeks injunctive relief; (2) Defendant could have sought its own declaratory judgment in federal court; and (3) Plaintiff does not allege intentional discrimination. (*Id*.) For the reasons stated below, removal was improper.

#### A.   Plaintiff's Complaint

The face of Plaintiff's Complaint does not include or affirmatively allege a claim under federal law as a separate cause of action. *See Caterpillar*, 482 U.S. at 392 (noting that federal-question jurisdiction exists only when a federal question is presented on the face of "[a] properly pleaded complaint" and "[t]he rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.") (citation omitted). Plaintiff's first cause of action exclusively relies on the Unruh Act, while seeking injunctive relief and damages. (Doc. No. 1-2 at 23-24.) While section 51(f) of the Unruh Act states that a violation of the ADA constitutes a violation of the Unruh Act, section 51(b) guarantees specific rights to persons with disabilities and can serve as a

3

basis for a claim independent of the ADA.[1]  *Munson v. Del Taco, Inc.*, 208 P.3d 623, 627 (Cal. 2009); *Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012). Injunctive relief and damages are both available under the Unruh Act.  *See* CAL. CIV. CODE § 51(b); *Turner v. Assoc. of Am. Med. Colls.*, 85 Cal. Rptr. 3d 94, 100 (Ct. App. 2008).

Plaintiff's second cause of action is for declaratory relief based on violation of both the Unruh Act and the ADA.  (Doc. No. 1-2 at 25.)  Actions for declaratory relief are available under California law.  *See* CAL. CIV. PROC. CODE §§ 22, 30, 1060.  The fact that Plaintiff seeks a declaration from a state court that Defendant violated the Unruh Act, as well as the ADA, does not create federal question jurisdiction.  "[F]ederal courts do not have original jurisdiction, nor do they acquire jurisdiction on removal, when a federal question is presented by a complaint for a state declaratory judgment[.]" *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 19 (1983); *see also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").  Given that the Unruh Act is premised, in part, on the ADA, a state court could issue declaratory relief based on both the ADA and Unruh Act as a matter of state law.

### B.     Necessary Element

Although an ADA violation is an element of a claim under section 51(f) of the Unruh Act, it is not a necessary element as required for federal question jurisdiction.  In *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002), the Ninth Circuit stated broadly that "[f]ederal-question jurisdiction is not created merely because a violation of federal law is an element of a state law claim."  As a result, district courts have frequently found that Unruh Act claims premised on ADA violations do not create federal question jurisdiction.  *See Martinez v. Matrix Health Prod., Inc.*, Case No. ED CV 19-742 DOC (AGRx), 2019 WL

---

[1] Section 51(b) of the Unruh Act states that all persons, regardless of disability, are "entitled to the full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."  CAL. CIV. CODE § 51(b).

2242074, at *3 (C.D. Cal. May 24, 2019) ("*Matrix Health*"); *Licea v. J&P Park Acquisitions, Inc.*, Case No. CV 19-68-R, 2019 WL 1296876, at *1 (C.D. Cal. Mar. 20, 2019) ("*J&P*"); *Rios v. Friendly Hills Bank*, Case No. CV 17-4582 BRO (JPR), 2017 WL 3530348, at *5 (C.D. Cal. Aug. 16, 2017) ("*Friendly Hills*"); *Rios v. CWGS Enterprises, LLC*, Case No. CV 17-3614 RSWL (AFMx), 2017 WL 3449052, at *3 (C.D. Cal. Aug. 11, 2017) ("*CWGS*"); *Pizarro v. CubeSmart*, Case No. CV 14-5106 FMO (PLAx), 2014 WL 3434335, at *2 (C.D. Cal. July 11, 2014); *Glover v. Borelli's Pizza, Inc.*, 886 F. Supp. 2d 1200, 1202 (S.D. Cal. 2012); *Carpenter v. Raintree Realty, LLC*, Case No. CV 11-6798 RGK (MRWx), 2012 WL 2579179, at *2 (C.D. Cal. July 2, 2012); *Gunther v. Ralphs Grocery Co.*, Case No. CV 05-2243 GHK (PJWx), 2005 WL 3789582, at *2 (C.D. Cal. May 3, 2005).

Therefore, in addition to being incorrect that Plaintiff's claims are based "exclusively" and "solely" on the ADA, Defendant is also incorrect that federal question jurisdiction exists because Plaintiff's claims are based, at least in part, on the ADA. As noted above, district courts have consistently rejected this argument. While Plaintiff could have brought his claim under both federal and state law, he is the master of his complaint and has chosen to pursue only state causes of action and avoid federal jurisdiction. *See Easton,* 114 F.3d at 982; *ARCO Envt'l. Remediation,* 213 F.3d at 1114 (9th Cir. 2000). Defendant's remaining arguments regarding injunctive relief, declaratory relief, and intentionality are similarly insufficient to satisfy its burden of proving the court's removal jurisdiction.

### C. Injunctive Relief

Plaintiff's request for injunctive relief does not, as Defendant claims, create federal question jurisdiction and require the case to remain in federal court. In *Wander*, the plaintiff brought a claim in federal court for injunctive relief under the ADA as well as a claim for damages under state law. 304 F.3d at 857. When the federal claim for injunctive relief became moot, the court declined to exercise supplemental jurisdiction over the state claim for damages. *Id*. The court found that "Congress intended that there be no federal

cause of action for *damages* for a violation of Title III of the ADA." *Id*. (emphasis added). Therefore, the court held that "there is no federal-question jurisdiction over a lawsuit for *damages* brought under [California law], even though the California statute makes a violation of the federal [ADA] a violation of state law." *Id*.

Because the court in *Wander* relied on Congress' intent that damages be prohibited in federal court for ADA violations, some district courts found that *Wander* left open the possibility that a court could (1) find federal question jurisdiction over claims for *injunctive* relief under the Unruh Act and (2) exercise supplemental jurisdiction over related claims for damages under the Unruh Act. *See Licea v. Reebok Int'l Ltd*, Case No. CV 19-970 TJH, 2019 WL 4014431, at *1 ("*Reebok*") (C.D. Cal. Aug. 23, 2019) ("*Wander* did not address whether a federal question is raised when the state law claim seeks injunctive relief and an element of the claim is satisfied by an ADA violation."); *Martinez v. Adidas Am., Inc.*, Case No. ED CV 19-841 (JGB) KKx, 2019 WL 3002864, at *4 (C.D. Cal. July 9, 2019) ("*Adidas*"); *Thurston v. ClearPath Lending, Inc.*, Case No. SA CV 18-2094 JVS (JDEx), 2019 WL 366405, at *4 (C.D. Cal. Jan. 28, 2019) ("*Clearpath*"); *Rios v. New York & Co., Inc.*, Case No. CV 17-4676 ODW (AGRx), 2017 WL 3575220, at *2 (C.D. Cal. Aug. 17, 2017) ("*New York & Co.*"); *Thurston v. Omni Hotels Mgmt. Corp.*, Case No. CV 16-2596 TJH (KKx), 2017 WL 3034333, at *1 (C.D. Cal. May 19, 2017) ("*Omni*"); *Thurston v. Container Store, Inc.*, Case No. CV 16-2658 SVW (DTB), 2017 WL 658806, at *2 (C.D. Cal. Feb. 16, 2017) ("*Container Store*"); *Jackson v. Yoshinoya Am. Inc.*, Case No. CV 12-8518 MMM (Ex), 2013 WL 865596, at *3 (C.D. Cal. Mar. 7, 2013); *Fontano v. Little Caesar Enterprises Inc*, Case No. CV 10-6707 GAF (FFMx), 2010 WL 4607021, at *2 (C.D. Cal. Nov. 3, 2010); *Carpenter v. Wu*, Case No. CV 08-5568 DSF (JTL), 2008 WL 4534270, at *2 (C.D. Cal. Oct. 1, 2008); *see also Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1132 n.5 (E.D. Cal. 2002).

Despite Defendant's contention, none of these cases found that federal question jurisdiction existed over Unruh Act claims for injunctive relief premised on ADA violations, or that supplemental jurisdiction should be exercised over related state claims

for damages. Instead, all of these courts, as well as others, found that federal question jurisdiction did not exist because proving an ADA violation is just one way of proving an Unruh Act violation. *See Martinez v. Greatcollections.com, LLC*, Case No. CV 19-1647 JLS (KES), 2019 WL 4742299, at *1 (C.D. Cal. Sept. 27, 2019) ("*Greatcollections.com*") ("[W]here a plaintiff pursues a non-ADA theory of liability – even if he pursues a concurrent theory premised on an ADA violation – no federal question is a necessary element of his Unruh Act claim, and federal jurisdiction does not attach."); *Reebok*, 2019 WL 4014431, at *1 ("If the state law claim can be violated for reasons independent of an incorporated federal statute, then there is no substantial, disputed question of federal law."); *Adidas*, 2019 WL 3002864, at *3 ("The Court agrees with the other courts in this district and finds no federal jurisdiction exists because Plaintiffs adequately allege a non-ADA theory of [an Unruh Act] violation."); *Matrix Health*, 2019 WL 2242074, at *3; *J&P*, 2019 WL 1296876, at *1 ("[I]t does not follow that a violation of the ADA must necessarily be established at trial in order to succeed on a [an Unruh Act] claim. . . . Whether Plaintiffs have a viable claim under the [the Unruh Act] is a question for the state court and has no bearing on the issue of federal jurisdiction."); *ClearPath*, 2019 WL 366405, at *3 ("[T]here are at least two theories under which Defendant could be held liable for violating the Unruh Act. . . . [I]t is possible that Plaintiff will obtain injunctive relief based on a theory independent of the ADA."); *Pineda v. Kroger Co.*, Case No. CV 19-75 FMO (SKx), 2019 WL 192926, at *2 (C.D. Cal. Jan. 15, 2019) ("[T]he fact that plaintiff relies in part on ADA violations as the basis for his state claims, is insufficient to confer federal question jurisdiction[.]"); *New York & Co.*, 2017 WL 3575220, at *2 (finding that no federal question jurisdiction exists because the plaintiff "also allege[d] that Defendant's conduct violates the Unruh Act based on that act's own provisions"); *Friendly Hills*, 2017 WL 3530348, at *5 ("Because the Court does not have to address the merits of the ADA violation for Plaintiff to succeed on its Unruh Act claims, the Court finds that Plaintiff's claims do not 'necessarily raise' a federal question."); *CWGS*, 2017 WL 3449052, at *6 (declining to find federal question jurisdiction because the plaintiff alleged that defendant's

conduct constituted a violation of both the ADA and Unruh Act); *Thurston v. Chino Commercial Bank, N.A.*, Case No. CV 17-1078 BRO (JCx), 2017 WL 3224681, at *5 (C.D. Cal. July 27, 2017) ("Plaintiff alleges violations of the Unruh Act on two theories, only one of which involves a violation of the ADA."); *Omni*, 2017 WL 3034333, at *1 ("The Unruh Act may be violated in a number of ways, with an ADA violation being just one of those ways."); *Container Store*, 2017 WL 658806, at *3 ("[T]he ADA violation is only one of two theories of liability presented by the Plaintiff, meaning that the ADA may not be involved at all in the litigation."); *Cohen v. Ralphs Grocery Co.*, Case No. CV 13-1728 GAF (JEMx), 2013 WL 1303825, at *2 (C.D. Cal. Mar. 26, 2013) ("[V]iolation of the ADA is merely an additional way in which Plaintiff can prove a violation of California state law; it is not 'a necessary element of one of the well-pleaded state claims.'") ("*Ralphs*"); *Jackson*, 2013 WL 865596, at *3 ("While the violations described in the complaint may also be ADA violations – and proving an ADA violation would suffice to obtain relief under California disability law – such violations are not a necessary part of [the plaintiff's] claim.").[2]

As noted above, Plaintiff alleges a violation of section 51(f) of the Unruh Act, which is dependent on the ADA, as well as a violation of section 51(b), which is not. CAL. CIV. CODE §§ 51(b), 51(f); (Doc. No. 1-2 at 23-24.) Accordingly, there is no good reason to deviate from the multitude of other district courts finding that Unruh Act claims premised on the ADA, including those seeking injunctive relief, are outside the court's federal question jurisdiction. Even if a court could find that Plaintiff's request for injunctive relief raises a federal question, in deciding whether to exercise supplemental jurisdiction over the claim for damages, the court would face the same problem as the court in *Wander*, i.e. that Congress did not intend for damages to be available in federal court for violations of the

---

[2] In finding that removal was improper because violating the ADA is just one way of violating the Unruh Act, district courts relied on *Wander* as well as *Armstrong*, 576 F.3d 950 (cited in *Reebok* and *Omni*) and *Rains*, 80 F.3d 339 (cited in *Adidas*, *J&P*, *ClearPath*, *Friendly Hills*, *Ralphs* and *Greatcollections.com*).

ADA. *See Wander*, 304 F.3d at 859 ("Wander would have the federal court exercise jurisdiction over his state-law damage suit, premised on a violation of the ADA, even though Congress intended that such ADA violations not give rise to a federal cause of action for damages."). Defendant does not cite a single case in which a court found that federal question jurisdiction existed over an Unruh Act claim because the plaintiff sought injunctive relief, let alone one where the court made such a finding and then exercised supplemental jurisdiction over a claim for damages. Indeed, some courts have specifically rejected Defendant's argument that seeking injunctive relief in this context raises a federal question. *See*, *e.g.*, *ClearPath*, 2019 WL 366405, at *4; *CWGS*, 2017 WL 3449052, at *3. The Defendant is therefore incorrect in stating that district "courts" have distinguished *Wander* and held that there is federal question jurisdiction if the plaintiff seeks injunctive relief. (Doc. No. 7 at 5.)

### D. Declaratory Judgment

Defendant argues that federal question jurisdiction exists because it could have brought its own action for declaratory relief against Plaintiff in federal court. (Doc. No. 7 at 9.) Defendant contends that "[a]n action for a declaratory judgment invokes federal question jurisdiction when the coercive action that would have been brought (had declaratory judgments not been available) would have been within that jurisdiction." (*Id.* at 8.)

In cases where a plaintiff seeks declaratory relief under state law, federal question jurisdiction exists if "the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights" and that action would, if brought, arise under federal law. *Janakes v. United States Postal Service*, 768 F.2d 1091, 1093 (9th Cir. 1985); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 19 (1983); *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997) ("A person may seek declaratory relief in federal court if the one against whom he brings his action could have asserted his own rights there.").

Nothing in the record suggests that the Defendant could have brought a "coercive

9

action" arising under federal law against Plaintiff. While Defendant argues that, if it had prior notice of Plaintiff's lawsuit, it could have brought its own action for declaratory relief against Plaintiff, (Doc. No. 7 at 9), that did not occur here. Moreover, Defendant cites no authority that actions for declaratory relief in federal court are "coercive actions." Courts have long held that federal actions for declaratory relief are procedural. *Medtronic, Inc. v. Mirowski Family Ventures*, LLC, 571 U.S. 191, 199 (2014) (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240 (1937)). Defendant is therefore incorrect that Plaintiff's request for declaratory relief creates federal question jurisdiction.

### E.   Intentionality

Finally, Defendant argues that Plaintiff fails to plead intentional discrimination, which is a "required element of Plaintiff's Unruh Act claim where it is not exclusively predicated on the ADA."[3] (Doc. No. 7 at 13.) Defendant is correct that in order to establish a violation of the Unruh Act independent of the ADA, the plaintiff must plead intentional discrimination. *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014). District courts have found it sufficient, however, for plaintiff to plead intentionality by pleading that the defendant had a policy and practice of maintaining an inaccessible website. *See*, *e.g.*, *Adidas*, 2019 WL 3002864, at *4 (also noting that the plaintiff gave notice of the inaccessibility prior to filing suit); *ClearPath*, 2019 WL 366405, at *3. Here, Plaintiff pleads that Defendant had a policy and practice of maintaining an inaccessible website. (Doc. No. 1-2 at 23.) Although the words "intentional," "willful," or the like do not appear in the Complaint, Plaintiff nonetheless pleads a plausible claim for intentional discrimination. *See ClearPath*, 2019 WL 366405, at *3. As recognized by another district court, "[t]he ultimate question of whether Defendant, in fact, intentionally discriminated against Plaintiff will be fleshed out later in the case, through discovery and trial." *Id*.

---

[3] This argument by Defendant seems to contradict its argument that Plaintiff's Complaint is based "exclusively" and "solely" on the ADA. (Doc. No. 7 at 5, 6, 13-14.)

### F. Attorney's Fees

Plaintiff requests attorney's fees and costs incurred in preparing the instant Motion to Remand. (Doc. No. 6 at 7.) "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Plaintiff argues that Defendant's basis for removal was not objectively reasonable because Defendant's counsel (1) deliberately ignored the Ninth Circuit's binding precedent in *Wander* and related authority and (2) improperly removed similar cases in the past. (*Id.*; *see also* Doc. No. 8 at 11 ("Defendant's removal is inherently unreasonable because this is a common, and often unsuccessful, tactic employed by Counsel for Defendant with the primary goal of causing expense and delay – an allegation Defendant does not address.").) Defendant argues that removal was objectively reasonable because the case presents a federal question.[4] (Doc. No. 7 at 15-16.)

Defendant's omission of *Wander* from its Notice of Removal does not, by itself, make the basis for removal objectively unreasonable. Removal requires only that the defendant file a notice of removal with the federal court "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Here, the Defendant did so. (*See* Doc. No. 1 at 2.) Additionally, both parties discuss *Wander* at length in their respective memoranda. (*See* Doc. Nos. 6-8.)

Furthermore, most district courts addressing the issue have declined to award attorney's fees, typically because of the potential ambiguity in *Wander*. *See Reebok*, 2019

---

[4] In arguing against an award of attorney's fees, Defendant also states that "Plaintiff filed his motion without so much as responding to Defendant's offer to stipulate to remand if Plaintiff clarified that he was not seeking relief under the ADA or claiming any violations thereof." (Doc. No. 7 at 15-16.) Defendant does not explain why Plaintiff's refusal to stipulate that he is not relying on the ADA weighs against awarding attorney's fees.

WL 4014431, at *1; *Adidas*, 2019 WL 3002864, at *5); *Matrix Health*, 2019 WL 2242074, at *3 (noting, but not relying on, plaintiff's refusal to stipulate that he was not seeking recovery under federal law); *ClearPath*, 2019 WL 366405, at *4; *Container Store*, 2017 WL 658806, at *3; *Jackson*, 2013 WL 865596, at *3; *Fontano*, 2010 WL 4607021, at *2.

The objective reasonableness of Defendant's removal action is at least questionable, however, because, as discussed above, district courts have repeatedly, and in apparent uniformity, found similar removal actions to be improper. Over a half-dozen of these improperly removed cases were brought by Defendant's counsel. *See Greatcollections.com*, 2019 WL 4742299; *Reebok*, 2019 WL 4014431; *Adidas*, 2019 WL 3002864; *Matrix Health*, 2019 WL 2242074; *New York & Co.*, 2017 WL 3575220; *Omni*, 2017 WL 3034333; *Container Store*, 2017 WL 658806. Continually making the same losing arguments in support of removal, as Defendant does here, can be grounds for awarding attorney's fees. *See, e.g., Klawiter v. Ford Motor Co.*, Case No. 19cv1889 WHO, 2019 WL 2484321, at *3 (N.D. Cal. June 14, 2019). The Defendant does not cite a single instance where a comparable removal action survived a motion to remand. Although Defendant states that "courts" have found federal question jurisdiction in similar cases, (Doc. No. 7 at 5, 10), in the two cases cited by Defendant, the courts did no such thing. In *Pickern*, 194 F. Supp. 2d at 1133, the court found it lacked federal question jurisdiction. In *Fontano*, 2010 WL 4607021, at *1, the court granted an unopposed motion to remand based on a lack of federal question jurisdiction. Although both cases contain dicta suggesting a possible distinction between cases involving claims for damages and those involving claims for injunctive relief, Defendant does not cite a single case relying on this possible distinction. Accordingly, at least one district court has found a similar removal action to be objectively unreasonable. *See J&P*, 2019 WL 1296876, at *2 (awarding plaintiff attorney's fees "because binding Ninth Circuit precedent clearly indicates that removal was improper, and because courts in this district have recently remanded cases on similar (in some cases nearly identical) facts").

Here, the court would have been inclined to grant Plaintiff's request for attorney's fees had it not been for Plaintiff's counsel's participation in an unnecessary tit-for-tat exchange of attacks by both parties' counsel in their respective memoranda. In Plaintiff's Motion to Remand, Plaintiff's counsel points out that one of Defendant's counsel was once ordered to show cause as to why he should not be sanctioned under Rule 11 for improperly removing a case under a theory that was similar, if not identical, to the theory offered here. (Doc. Nos. 6 at 7, 6-2 at 2-3.)  Plaintiff's counsel failed to disclose, however, that Defendant's counsel satisfied the show cause order and was not sanctioned.  *See* Order Discharging OSC re: Sanctions, *Ortiz v. American Florists' Exchange, Ltd.*, Case. No. CV 15-6251 DSF (PJWx) (C.D. Cal. Aug. 19, 2015), Doc. No. 15.  In Defendant's Response in Opposition, Defendant's counsel points out that the State of California recently filed a lawsuit against Plaintiff and his counsel regarding their extensive, and allegedly fraudulent, filing of ADA claims against businesses. (Doc. No. 7 at 6-7.) Defendant's counsel failed to disclose, however, that the State did not prevail and the lawsuit was dismissed with prejudice. (*See* Doc. No. 8 at 2.) Finally, in Plaintiff's Reply, Plaintiff's counsel accuses Defendant's counsel of exhibiting "a history of bad faith litigation tactics" and quotes multiple cases in which Defendant's counsel was admonished for various reasons. (*Id*. at 2-3.)  This conduct by both parties is, at best, unnecessary and unprofessional.  Plaintiff's request for attorney's fees and costs related to his Motion to Remand is **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**.  The case is hereby **REMANDED** to the Superior Court of California for the County of San Diego. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: November 19, 2019

JEFFREY T. MILLER
United States District Judge